Cauuthers, J.,
delivered the opinion of the Court
This bill was filed for the partition of a tract of land in Hawkins county, by complainants, who claim to be tenants in common with the defendants, who are all the heirs at law of John Groves, sr., deceased. The defendants, in their answer, claim title to said land, in exclusion of complainants.
John Groves, sr., was the owner of . the land. He had three children: John, jr., the father of defendants, and Jacob, and Susan, who first married Flora, and then Crowly. The said Jacob and Susan are the parents of complainants. All the children of the old man died before he did, leaving, as their widows and children,- the parties to this suit, as before stated. The ancestor died in 1847.
Now, the defence to the petition is, that, about 1830, the ancestor agreed with his son John, who then lived upon the land with him, that he should have it by paying to his brother Jacob, and sister Susan, a sum agreed upon, and supporting him and his wife during their lives. This contract, it is alleged, was fully and faithfully performed, on the part of the said John, jr., during his life, and his family, after his death. They aver that, from the time of that contract, they have occupied the land under a continued claim of right and title, but without any paper existing. They insist that adverse possession has perfected their title. The proof in the case shows, that much of the money was paid to complainants’ parents, and leaves but little doubt as to the general accuracy of the facts stated in the answer, in relation to the parol *189 contract. But these are questions not now to be adjudicated. And we do not undertake to say more than that the title of complainants is not sufficiently clear and unembarrassed to authorize a decree of partition.
There certainly can be nothing better settled in this State, than that a bill for partition will not lie except where the title is clear of dispute.—Burton vs. Rutland, 3 Hum., 435-6. It is not a proceeding in which controverted titles can be settled, but its only object and scope is to divide that which is joint among the tenants in severalty. And if the title is disputed, partition will not be made until the dispute is settled in an appropriate form of action.—Neely vs. Broyles, 4 Hum. 177. So soon, then, as it is made to appear that there is ground for a contest about the title, a Court of. Euity will withhold its hand, until that controversy is settled by the proper forum, whether that may be at law or in chancery. This must precede a decree of partition. The defendants claim title to the whole, as vendees of: the common ancestor, and by virtue of long adverse possession. How far their possession would avail them, under the statute of limitations, or to raise a presumption of deeds,, are questions that would properly come up in a Court of Law, in an action of ejectment. The complainants must establish their rights, as tenants in common, before they can ask partition. This proceeding is not intended to try titles, and dispose of questions proper for an action of ejectment, and thus usurp the jurisdiction of Court of Law,
But the proof shows, it. is insisted, that the defendants, having no paper title, can only claim a *190 defensive title to the extent of their actual enclosures, and partition might be made of the balance of the tract. If this were conceded, we would not decree a partial partition.
Whatever right the complainants have must be established in a Court of Law, and then, if successful, they will be tenants in common, and have a right to partition.
Secondly. The complainants’ solicitor contends, that, even if this doctrine be correct, yet, since the act of 1852, ch. 365, § 9, when the defendant answers, all objection to the jurisdiction of the Court shall be regarded as waived, although it be a matter of legal jurisdiction. This act will lead to some very strange consequences, when applied in practice, and will enable the parties, by concert, to produce the most perplexing confusion of jurisdiction, and defraud the jury Courts of their appropriate business. All that is necessary to get actions of slander, trespass, or malicious prosecution, into the Chancery Court, is, that the defendant should fail to demur, but answer. But it is not for us to question the wisdom of the Legislature, or disregard their constitutional enactments.
Without deciding whether that act would apply to such cases as the present, or to any case where the objection does not appear on the face of the bill, it is enough for this case to state that this bill was filed before that act went into effect, and consequently is not governed by it.
The decree of the Chancellor, dismissing the bill, will be affirmed.